UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GREGORY HARVEY,

                                  **Plaintiff,**

   vs.                                                                9:09-CV-152
                                                                                  (MAD/GHL)

CHRISTOPHER FARBER, C.O. DRAKE, C.O.
JEWEL, C.O. REESE, C.O. FAHEY, C.O.
NEWTON, C.O. PARISI, CHARLENE MACRI,

                                  **Defendants.**
_____

APPEARANCES:                                                 OF COUNSEL:

**GREGORY HARVEY**
07-A-3479
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562
Plaintiff *pro se*

**MURPHY BURNS BARBER & MURPHY, LLP**       THOMAS K. MURPHY, ESQ.
226 Great Oaks Blvd.
Albany, New York 12203
Attorneys for Defendants Farber, Drake, Jewel,
Reese, Fahey, Newton, and Parisi

**WILSON, ELSER, MOSKOWITZ,**                 JOSEPH T. PERKINS, ESQ.
**EDELMAN & DICKER, LLP**                         ELIZABETH J. GROGAN, ESQ.
677 Broadway - 9th Floor
Albany, New York 12207-2996
Attorneys for Defendant Macri

**Mae A. D'Agostino, U.S. District Judge:**

### DECISION AND ORDER

      In this *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983,

Plaintiff alleges that Defendants violated his rights under the Eighth and Fourteenth Amendments

to the United States Constitution. Specifically, Plaintiff claims that, on March 16, 2006,

Defendant Farber ordered his employees to discriminate against Plaintiff by not transferring him

from the Herkimer County Jail ("HCJ") to another county jail that employed a medical doctor and psychiatric staff. *See* Dkt. No. 33 at 5. Plaintiff claims that HCJ's medical staff – comprised only of a consulting nurse practitioner and a part-time nurse – could not meet his serious medical and psychiatric needs. *See id.* Plaintiff asserts that Defendant Farber's decision to keep him at HCJ demonstrates Defendant Farber's deliberate indifference to his serious medical and psychiatric needs. *See id.* at 6. Plaintiff further claims that this decision violated his Fourth Amendment Equal Protection rights because other inmates "could volunteer" to be transferred to another facility. *See id.*

Regarding Defendant Drake, Plaintiff claims that, on April 11, 2007 he suffered from high blood pressure. Plaintiff alleges that, while suffering from this high blood pressure, Defendant Drake stood by and "watched as Plaintiff lie on the floor in serious pain" for forty-five minutes as other corrections officers yelled "Stroke! Stroke!" *See id.* at 7. Plaintiff was only taken to Little Falls Hospital for treatment after Corrections Officer White called an off-duty sergeant for help. *See id.* Plaintiff claims that these actions constitute deliberate indifference to his serious medical needs. *See id.*

As to Defendant Macri, Plaintiff claims that she was deliberately indifferent to his serious medical needs on several different occasions. *See id.* Plaintiff asserts that Defendant Macri knew that he was receiving physical therapy three days a week for neck, back, and shoulder injuries prior to his incarceration, but Defendant Macri failed to treat any of these injuries. *See id.* Further, Plaintiff claims that Defendant Macri failed to treat his high blood pressure, tendinitis of the right ankle, anemia, hemorrhoids, and failed to provide him with psychiatric treatment for his bipolar disorder. *See id.*

Finally, Plaintiff alleges HCJ officials failed to protect him. Specifically, Plaintiff claims that a fight with another inmate occurred because he was not transferred to a county jail that had psychiatric staff and housing that would have kept him isolated from the general population. *See id.* at 8.

On February 4, 2011, Defendants Herkimer County, Farber, and Drake (the "County Defendants") filed a motion for summary judgment. *See* Dkt. No. 57. On that same day, Defendant Macri filed a separate motion for summary judgment. *See* Dkt. No. 58. In a September 29, 2011 Report-Recommendation and Order, Magistrate Judge Lowe recommended that the Court grant-in-part and deny-in-part the County Defendants' motion for summary judgment and grant Defendant Macri's motion for summary judgment in its entirety. *See* Dkt. No. 79. Specifically, Magistrate Judge Lowe recommended that the Court grant the County Defendants' motion for summary judgment as to Plaintiff's failure to protect claim, but deny the motion in all other respects. *See id.* at 33. Neither party filed objections to Magistrate Judge Lowe's September 29, 2011 Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

3

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Lowe's September 29, 2011 Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Lowe correctly recommended that the Court should grant the County Defendants' motion for summary judgment as to Plaintiff's failure to protect claim and deny the motion in all other respects. Further, Magistrate Judge Lowe correctly found that the Court should grant Defendant Macri's motion for summary judgment as to the federal claims pending against her because "a review of the medical record belies Plaintiff's claims that Defendant Macri provided inadequate medical care in violation of Plaintiff's constitutional rights." *See* Dkt. No. 79 at 29. As discussed below, however, the Court finds that Magistrate Judge Lowe erred in recommending that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law negligent and intentional infliction of

4

emotional distress claims against Defendant Macri because all federal claims against her have been dismissed.  *See* Dkt. No. 79 at 30-31.

Section 1367 of title 28 of the United States Code governs the exercise of supplemental jurisdiction and states that,

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).  Pursuant to section 1367(c)(3), the Court may only exercise its discretion to decline to exercise supplemental jurisdiction when all original jurisdiction claims are dismissed as to all of the defendants.  *See id.* § 1367(c)(3); *see also* 16 Moore's Federal Practice-Civil § 106.66(1) at n.6 (2010) (noting that "[s]ubsection (c)(3) requires that all claims over which it has original jurisdiction must have been dismissed before a district court may rely on that provision as a basis for dismissing the supplemental claims.  This refers to all claims in the case, not just those claims asserted against a particular defendant.  If a defendant faces only state claims, the court must exercise its supplemental jurisdiction over those claims as long as claims remain against other defendants for which original jurisdiction is present" (citing *Hansen v. Board of Trustees of Hamilton*, 551 F.3d 599, 608 (7th Cir. 2008); *Prescott v. Independent Life & Accident Ins. Co.*, 878 F. Supp. 1545, 1552-53 (N.D. Ala. 1995); *Gudenkauf v. Stauffer Communications, Inc.*, 896 F. Supp. 1082, 1084 (D. Kan. 1995); *Wiggins v. Phillip Morris, Inc.*, 853 F. Supp. 458, 469 (D.D.C. 1994)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (vacating dismissal of state-law claims against a defendant where section 1983 claim remained against other defendants) (citation omitted).

In light of this authority, and because Plaintiff's state-law claim against Defendant Macri shares a "common nucleus of operative fact" with the remaining federal claims, *see Ciambriello*, 292 F.3d at 325, the Court will address the merits of Plaintiff's state-law claims against Defendant Macri.

In New York, a claim of intentional infliction of emotional distress has four elements: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 (1993).  Under the Prisoner Litigation Reform Act ("PLRA"), a confined prisoner claiming intentional infliction of emotional distress must have suffered actual physical injury as a result of defendants' actions; and, although the injury need not be significant, it must be more than *de minimis*.  *See* 42 U.S.C. § 1997e(e); *see also Wright v. Miller*, 973 F. Supp. 390, 396 (S.D.N.Y. 1997) (quoting 42 U.S.C. § 1997e(e)).  A plaintiff asserting a claim for intentional infliction of emotional distress faces a heavy burden since "'"[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."'"  *Howell*, 81 N.Y.2d at 122 (quotations omitted); *see also Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 303 (1983).

A claim of negligent infliction of emotional distress similarly relies upon allegations of conduct "'so extreme in degree and outrageous in character as to go beyond all possible bounds of decency, so as to be regarded as atrocious and utterly intolerable in a civilized community.'" *Wolkstein v. Morgenstern*, 275 A.D.2d 635, 636-37 (1st Dep't 2000) (quotation and other citation omitted).

6

As Defendant Macri correctly points out, Plaintiff's allegations fall far short of establishing sufficiently outrageous conduct to satisfy the first element of these claims. As Magistrate Judge Lowe discussed in relation to Plaintiff's deliberate indifference claims against Defendant Macri, Plaintiff acknowledges that Defendant Macri provided Plaintiff with some treatment for his medical issues, but now takes issue with the treatment choices made. The undisputed facts make clear that Defendant Macri's conduct was not outside "all possible bounds of decency[;]" and, therefore, the Court grants Defendant Macri's motion for summary judgment as to Plaintiff's intentional and negligent infliction of emotional distress claims.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Lowe's September 29, 2011 Report-Recommendation and Order is **ACCEPTED in part** and **REJECTED in part**; and the Court further

**ORDERS** that the County Defendants' motion for summary judgment (Dkt. No. 57) is **GRANTED in part** and **DENIED in part** as set forth in Magistrate Judge Lowe's September 29, 2011 Report-Recommendation and Order; and the Court further

**ORDERS** that Defendant Macri's motion for summary judgment (Dkt. No. 58) is **GRANTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Lowe for all further pretrial matters, including the appointment of trial counsel.

**IT IS SO ORDERED.**

Dated: November 4, 2011
       Albany, New York

Mae A. D'Agostino
U.S. District Judge