**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**GREGORY HARVEY,**

                         **Plaintiff,**

  vs.                                          **9:09-CV-152
                                                        (MAD/TWD)**

**CHRISTOPHER FARBER, C.O. DRAKE, C.O.
JEWEL, C.O. REESE, C.O. FAHEY, C.O.
NEWTON, and C.O. PARISI,**

                         **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **PHELAN, PHELAN & DANEK, LLP**<br>302 Washington Avenue Extension<br>Albany, New York 12203<br>Attorneys for Plaintiff | **JOHN J. PHELAN, III, ESQ.**<br>**TIMOTHY S. BRENNAN, ESQ.**<br>**STANLEY J. TARTAGLIA, ESQ.** |
| **MURPHY BURNS BARBER & MURPHY, LLP**<br>226 Great Oaks Blvd.<br>Albany, New York 12203<br>Attorneys for Defendants Farber, Drake, Jewel,<br>Reese, Fahey, Newton, and Parisi | **THOMAS K. MURPHY, ESQ.**<br>**STEPHEN M. GROUDINE, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

     In this prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Currently before the Court is Plaintiff's motion *in limine* seeking the following relief: (1) an order precluding Defendants from introducing evidence of a 1992 conviction for robbery in the state of California and his underlying rape conviction for which he is currently incarcerated; and (2) an order precluding Defendants from introducing evidence or

testimony regarding four additional civil rights law suits Plaintiff initiated since the commencement of this action. *See* Dkt. No. 112.

## II. DISCUSSION

**A.     Standard of review**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-cv-5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

**B.     Plaintiff's motion to preclude Defendants from offering any testimony regarding Plaintiff's prior criminal history**

Plaintiff asserts that Defendants should be precluded from introducing any evidence concerning his criminal record, including his 1992 robbery conviction and the 2006 rape conviction for which he is currently confined. *See* Dkt. No. 112 at 2-6.

Rule 609 of the Federal Rules of Evidence vests broad discretion in the district court to admit or exclude evidence of prior convictions. *See United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir.1984). Rule 609(a) provides as follows:

> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment, if it can be readily determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

*See* Fed. R. Evid. 609(a).

"The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) (quotation omitted). In "balancing the probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing *United States. v. Hayes*, 553 F.2d 820, 828 (2d Cir. 1977)); *see also* 4 Weinstein's Federal Evidence, § 609.05[2] at 609.34 (2010). "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*,] whether the crime, by its nature, is

3

probative of a lack of veracity." *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (citing *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)).

As to the first factor, although "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," *Estrada*, 430 F.3d at 617, "all Rule 609(a)(1) felonies are not equally probative of credibility." *Id.* at 618. As to the second criterion, the "probative value of a conviction decreases as its age increases." 4 Weinstein's Federal Evidence, § 609.05[3][d] at 609-41 (2d ed. 2010). "The third criterion, similarity of the crimes, deals with the similarity of the charged crimes, or the incident at issue in the pending case, to the conviction. The less similar the pending case to the prior conviction, the less prejudicial its admission is." *Stephen v. Hanley*, No. 03-CV-6226, 2009 WL 1471180, *5 (E.D.N.Y. May 21, 2009) (citation omitted). On the other hand, a conviction for a crime that bears a close resemblance to actions alleged in the current case might cause "unfair prejudice to the party against whom they are offered by suggesting that the party has a propensity to commit such acts." *Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D .N.Y. 1993) (citation omitted).

Considering the factors listed above, the Court agrees with Plaintiff that Defendants should be precluded from introducing evidence concerning the name and nature of his convictions for robbery and rape. As the Second Circuit has recognized, felony convictions for crimes of violence frequently have considerably lower probative value since they do not generally arise out of dishonest conduct. *See Estrada*, 430 F.3d at 167-18. Moreover, Plaintiff's robbery conviction, which has been found to not be a crime of dishonesty, is more than twenty (20) years old. Finally, the fact that Plaintiff was convicted of rape would likely prejudice the jury into believing

that Plaintiff exhibits a propensity for violence. *See Twitty v. Ashcroft*, No. 3:04cv410, 2010 WL 1677757, *3 (D. Conn. Apr. 23, 2010) (citing cases).[1]

Based on the foregoing, the Court grants Plaintiff's motion insofar as he seeks to preclude Defendants from introducing evidence regarding the nature of his prior criminal convictions.

**C.    Plaintiff's currently pending civil actions**

Plaintiff seeks an order precluding Defendants from introducing evidence or eliciting testimony regarding four civil actions that Plaintiff has against Clinton County Correctional Facility, Broome County Correctional Facility, Marcy Psychiatric Center, and Sing Sing Correctional Facility. *See* Dkt. No. 112 at 6-8. In the Clinton County Correctional Facility matter, Plaintiff indicated that he was assaulted by six-to-eight correctional officers resulting in injuries to his left knee and ankle. *See id.* at 7. In the Broome County matter, Plaintiff contends that he was placed in segregated housing without engaging in behavior warranting such treatment. *See id.* The matter against Marcy Psychiatric Center pertains to refusing to take medication. *See id.* Finally, the litigation against Sing Sing relates to a failure to provide and/or delay in receiving medical treatment. *See id.*

The Court recognizes, and Defendants concede, that it is generally improper for a court to admit evidence of prior lawsuits for the purpose of demonstrating that a plaintiff is a "chronic litigant." *Outley v. City of New York*, 837 F.2d 587, 591–93 (2d Cir. 1988). Pursuant to Rule 404(b), however, such evidence may be admissible if offered for a different purpose. See Fed. R. Evid. 404(b). Specifically, Rule 404(b) provides that such evidence "may be admissible for

---

[1] If Plaintiff opens the door to such evidence being introduced, however, Defendants may attempt to introduce evidence concerning the nature of the convictions.

another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Two rules of evidence are implicated by Plaintiff's motion: Rule 404(b), which prohibits the admission of evidence of prior acts in order to prove action in conformity with character, and Rule 403, which permits the district court to exclude evidence where the probative value is substantially outweighed by the possibility of jury prejudice or confusion. *See* Fed. R. Evid. 403, 404(b).

In *Brewer v. Jones*, a case cited by defendants, the Second Circuit upheld a district court's admission of evidence that pro se plaintiff filed a previous lawsuit, rejecting the plaintiff's argument on appeal that the "challenged evidence improperly suggested that [plaintiff] had litigious tendencies." *Brewer v. Jones*, 222 Fed. Appx. 69, 70 (2d Cir. 2007). The Second Circuit noted that, contrary to the plaintiff's assertions, evidence of the prior lawsuit was "relevant to show a possible cause of [the plaintiff's] injury unrelated to the acts of the defendant," and that the district court had correctly determined that "the probative value of the evidence outweighed any possibility of prejudice." *Id.* at 70-71. Moreover, the Second Circuit found that any potential prejudice had been sufficiently curtailed by the defense's "scrupulous[ ] confine[ment of] its use of the challenged evidence to the purpose for which it was admitted." *Id.* at 71.

In the present matter, unlike the lawsuit at issue in *Brewer* and the cases cited by Defendants, the present lawsuit was filed prior to Plaintiff's four other civil actions. Defendants contend that they "seek to introduce evidence of the other four (4) lawsuits to ensure that the damages that the plaintiff is claiming herein are not the result of a separate incident at another facility." *See* Dkt. No. 117at 2. Defendants, however, have not provided the Court with any of the pleadings or documents filed in the other matters to indicate what injuries Plaintiff claims to

6

have sustained in those actions. Therefore, the Court is unable to determine whether cross-examination regarding the injuries he allegedly sustained in other incidents are relevant to the injuries claimed here or whether the introduction of such testimony would simply establish that Plaintiff has a litigious character. *See Outley*, 837 F.3d at 592.

Moreover, the Court is concerned that the introduction of this evidence would be overly prejudicial. *See Ragin v. Newburgh Enlarged City Sch. Dist.*, No. 10 Civ. 2797, 2011 WL 2183175, *2 (S.D.N.Y. June 3, 2011). Depending on the testimony Plaintiff provides at trial, however, the Court may entertain additional arguments on this matter if Defendants believe that Plaintiff is claiming injuries that are not attributable to Defendants' conduct, but instead relate to allegations in one of his other four cases.

Based on the foregoing, the Court grants Plaintiff's motion *in limine*.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion *in limine* is **GRANTED**;[2] and the Court further

**ORDERS** that the Clerk of the Court shall serve of copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 28, 2013
       Albany, New York

*Mae A. D'Agostino*
U.S. District Judge

---

[2] As noted, depending on the trial testimony, the Court may entertain additional arguments on the admissibility of evidence regarding Plaintiff's four other lawsuits. If Defendants believe that testimony relates to injuries that are not attributable to Defendants' conduct, but instead relate to allegations in one of his other four cases, they may move to introduce this evidence.