**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**GREGORY HARVEY,**

                      **Plaintiff,**

vs.                                                    **9:09-CV-152**
                                                             (MAD/TWD)

**C.O. DRAKE, C.O. JEWEL, C.O. REESE,
C.O. FAHEY, C.O. NEWTON, and C.O. PARISI,**

                      **Defendants.**
_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **PHELAN, PHELAN & DANEK, LLP**<br>302 Washington Avenue Extension<br>Albany, New York 12203<br>Attorneys for Plaintiff | **JOHN J. PHELAN, III, ESQ.**<br>**TIMOTHY S. BRENNAN, ESQ.**<br>**STANLEY J. TARTAGLIA, ESQ.** |
| **MURPHY BURNS BARBER & MURPHY, LLP**<br>226 Great Oaks Blvd.<br>Albany, New York 12203<br>Attorneys for Defendants Drake, Jewel,<br>Reese, Fahey, Newton, and Parisi | **THOMAS K. MURPHY, ESQ.**<br>**STEPHEN M. GROUDINE, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). The district court is vested with wide discretion in determining the appropriate sanction. *See Reilly v. Nat-West Markets Group, Inc*., 181 F.3d 253, 267 (2d Cir. 1999). "The right to impose sanctions for spoliation arises from a court's inherent power to control the judicial process and litigation, but the power is limited to that necessary to redress conduct which abuses the judicial process."

*Residential Funding Corp. v. DeGeorge Fin. Corp*., 306 F.3d 99, 107 (2d Cir. 2000) (citation omitted).

To secure spoliation sanctions based on the destruction or delayed production of evidence, a moving party must prove that: (1) the party having control over the evidence had an obligation to preserve or timely produce it; (2) the party that destroyed or failed to produce the evidence in a timely manner had a "culpable state of mind"; and (3) the missing evidence is "relevant" to the moving party's claim or defense, "such that a reasonable trier of fact could find that it would support that claim or defense." *Id*. "If these elements are established, a district court may, at its discretion, grant an adverse inference jury instruction insofar as such a sanction would 'serve . . . [the] threefold purpose of (1) deterring parties from destroying evidence; (2) placing the risk of an erroneous evaluation of the content of the destroyed evidence on the party responsible for its destruction; and (3) restoring the party harmed by the loss of evidence helpful to its case to where the party would have been in the absence of spoliation.'" *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 162 (2d Cir. 2012) (quotation omitted).

If a party has an obligation to preserve evidence, the degree of the party's culpability and the amount of prejudice caused by its actions will determine the severity of the sanctions to be imposed. *See Henkel Corp. v. Polyglass USA, Inc*., 194 F.R.D. 454, 456 (E.D.N.Y. 2000) (citations omitted). "Nonetheless, a court should never impose spoliation sanctions of any sort unless there has been a showing — inferential or otherwise — that the movant has suffered prejudice." *GenOn Mid-Atlantic, LLC v. Stone & Webster, Inc*., 2012 WL 1414070, at *7 (S.D.N.Y. 2012) (citing *Orbit One Commc'ns, Inc. v. Numerex Corp*., 271 F.R.D. 429, 441 (S.D.N.Y. 2010).

A party seeking spoliation sanctions must show that "the records were destroyed with a culpable state of mind." *Byrnie*, 243 F.3d at 109. In *Byrnie*, the Second Circuit held that this prong of the spoliation test could be satisfied by showing that "the records were destroyed knowingly . . . or negligently." *Id.*

In the present matter, Plaintiff has failed to show that Defendants knowingly failed to preserve either Defendant Reese's report or the videotapes at issue. Regarding the alleged videotapes that would have shown several of the alleged incidents, Defendants established that, at the time in question, Herkimer County Jail had a policy in place whereby the videotapes in the surveillance cameras would start to tape over earlier portions of the tape ninety days after the date of the recording unless it was clear that the recording would be required for litigation or other purposes. The record also makes clear that Plaintiff did not file this lawsuit until almost three years after the alleged incidents. Plaintiff has not submitted any evidence that he requested these videotapes prior to commencing this lawsuit (presumably as part of any grievance that may have been filed). Therefore, the Court finds that Plaintiff has failed to establish that Defendants acted with a "culpable state of mind" in allowing the videotapes to be erased pursuant to the jail's policy.

Regarding the report that Defendant Reese testified that he submitted in relation to one of the March 29, 2006 pepper spray incident, Defendant Reese's trial testimony is the time that Plaintiff, Defendants' counsel, and the Court became aware that such a report existed at some time. This report was required by policy of the Herkimer County Jail and Defendant Reese's testimony established that it was relevant to Plaintiff's case. Considering the extensive discovery that was provided in this matter, including other evidence substantiating or refuting Plaintiff's claims, the Court finds that Defendants' failure to preserve this evidence was negligent at best.

3

There is no evidence that the destruction or loss of the report was anything but inadvertent or that any other report or document was not disclosed. In light of Defendants' efforts, the mere fact that a single report was lost in contravention of the obligation to preserve does not reflect either bad faith, the intentional destruction of evidence, or gross negligence. *See Centrifugal Force, Inc. v. Softnet Communication, Inc.*, 783 F. Supp.2d 736, 742 (S.D.N.Y. 2011) (citation omitted).

Considering all of the evidence, the parties submissions, and in light of the threefold purpose a spoliation sanction is meant to serve, the Court holds that Plaintiff is entitled to an adverse inference charge as to Defendant Reese's March 29, 2006 report. As such, the Court grants in part and denies in part Plaintiff's motion for spoliation sanctions.

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for spoliation sanctions is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED.**

Dated: March 6, 2013
Albany, New York

*[Signature]*
Mae A. D'Agostino
U.S. District Judge