**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**GREGORY HARVEY,**

          **Plaintiff,**

 vs.                **9:09-CV-152
                      (MAD/TWD)**

**C.O. DRAKE, C.O. REESE, and
C.O. PARISI,**

         **Defendants.**
_____

**APPEARANCES:**           **OF COUNSEL:**

**PHELAN, PHELAN & DANEK, LLP**    **JOHN J. PHELAN, III, ESQ.**
302 Washington Avenue Extension     **TIMOTHY S. BRENNAN, ESQ.**
Albany, New York 12203        **STANLEY J. TARTAGLIA, ESQ.**
Attorneys for Plaintiff

**MURPHY BURNS BARBER & MURPHY, LLP** **THOMAS K. MURPHY, ESQ.**
226 Great Oaks Blvd.         **STEPHEN M. GROUDINE, ESQ.**
Albany, New York 12203
Attorneys for Defendants Drake,
Reese, and Parisi

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

On March 6, 2013, the Court held that, among other things, the failure of Defendants to produce Defendant Reese's report relative to a March 29, 2006 pepper spray incident warranted an adverse inference instruction against Defendants. *See* Dkt. No. 128. On May 15, 2013, Defendants filed a letter motion asking the Court to reconsider its previous ruling. *See* Dkt. No. 145. Specifically, Defendants contend that the Court erred in granting Plaintiff's motion seeking an adverse inference instruction because "the preservation of the report at issue was the responsibility of the County, a non-party, and not the responsibility of defendant Reese." *See id.* at 2. Defendants contend that Defendant Reese had no duty to keep a copy of the report, and that

there "exists no evidence to support a finding that Officer Reese had a duty to preserve the report, let alone a role in the loss or destruction of same." *See id.*

Plaintiff contends that this motion for reconsideration should be denied on the following grounds: (1) it is time barred pursuant to Local Rule 7.1(g); (2) the motion seeks substantive relief and, therefore, it is not a proper *in limine* application; (3) "the prior adverse inference charge regarding Reese's March 29, 2006 incident report should not be disturbed as it is the law of the case and cannot be cured[;]" and (4) the Court's March 6, 2013 decision correctly held that Plaintiff is entitled to an adverse inference instruction. *See* Dkt. No. 153 at 1-3.

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). The district court is vested with wide discretion in determining the appropriate sanction. *See Reilly v. Nat-West Markets Group, Inc.*, 181 F.3d 253, 267 (2d Cir. 1999) (citation omitted). "The right to impose sanctions for spoliation arises from a court's inherent power to control the judicial process and litigation, but the power is limited to that necessary to redress conduct which abuses the judicial process." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2000) (citation omitted).

To secure spoliation sanctions based on the destruction or delayed production of evidence, a moving party must prove that: (1) the party having control over the evidence had an obligation to preserve or timely produce it; (2) the party that destroyed or failed to produce the evidence in a timely manner had a "culpable state of mind"; and (3) the missing evidence is "relevant" to the moving party's claim or defense, "such that a reasonable trier of fact could find that it would support that claim or defense." *Id*. (citation omitted). "If these elements are established, a district

2

court may, at its discretion, grant an adverse inference jury instruction insofar as such a sanction would 'serve . . . [the] threefold purpose of (1) deterring parties from destroying evidence; (2) placing the risk of an erroneous evaluation of the content of the destroyed evidence on the party responsible for its destruction; and (3) restoring the party harmed by the loss of evidence helpful to its case to where the party would have been in the absence of spoliation.'" *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 162 (2d Cir. 2012) (quotation omitted).

If a party has an obligation to preserve evidence, the degree of the party's culpability and the amount of prejudice caused by its actions will determine the severity of the sanctions to be imposed. *See Henkel Corp. v. Polyglass USA, Inc*., 194 F.R.D. 454, 456 (E.D.N.Y. 2000) (citations omitted). "Nonetheless, a court should never impose spoliation sanctions of any sort unless there has been a showing — inferential or otherwise — that the movant has suffered prejudice." *GenOn Mid-Atlantic, LLC v. Stone & Webster, Inc*., 2012 WL 1414070, at *7 (S.D.N.Y. 2012) (citing *Orbit One Commc'ns, Inc. v. Numerex Corp*., 271 F.R.D. 429, 441 (S.D.N.Y. 2010).

A party seeking spoliation sanctions must show that "the records were destroyed with a culpable state of mind." *Byrnie*, 243 F.3d at 109.  In *Byrnie*, the Second Circuit held that this prong of the spoliation test could be satisfied by showing that "the records were destroyed knowingly . . . or negligently." *Id.*

"The court's role in evaluating the 'relevance' factor 'is limited to insuring that the party seeking the [adverse] inference ha[s] adduced enough evidence of the contents of the missing materials such that a reasonable juror could find in its favor.'" *Poux v. County of Suffolk*, No. 09 CV 3081, 2012 WL 1020302 (E.D.N.Y. Mar. 23, 2012) (quoting *Residential Funding*, 306 F.3d at 109 n.4). "Such a showing can be made on the basis of extrinsic evidence." *Orbit One*

3

*Communications, Inc. v. Numerex Corp.*, 271 F.R.D. 429, 438 (S.D.N.Y. 2010) (citing *Residential Funding*, 306 F.3d at 109). Where, as here, the missing records were allegedly destroyed negligently (as opposed to with a higher degree of culpability), "[i]t is not sufficient for the moving party merely to point to the fact that the opposing party has failed to produce requested information." *Id.* at 439 (citing *Mitchell v. Fishbein*, No. 01 Civ. 2760, 2007 WL 2669581, *5 (S.D.N.Y. Sept. 13, 2007)). In other words, the moving party must base its relevancy argument upon something more than "pure speculation." *Sovulj v. United States*, No. 98 CV 5550, 2005 WL 2290495, *5 (E.D.N.Y. Sept. 20, 2005) (citation omitted). At the same time, although the party requesting the adverse inference charge bears the burden of showing its favorability, "the burden placed on the moving party to show that the lost evidence would have been favorable to it ought not be too onerous, lest the spoliator be permitted to profit from its destruction." *Orbit One Communications*, 271 F.R.D. at 440 (citing *Residential Funding*, 306 F.3d at 109).

In the present matter, the Court finds that Defendants motion for reconsideration should be denied. In *Thomas v. Kelly*, the defendants argued that the court erred in granting an adverse inference instruction concerning a missing "Aided Card." *Thomas v. Kelly*, ___ F. Supp. 2d ___, 2012 WL 5264811, *11 (S.D.N.Y. Oct. 23, 2012). The "Aided Card," which was created by one of the defendants, Officer Dekoker, was a document used to record an incident and the response to the incident by the police officer. *See id.* The adverse inference instruction read as follows:

> In this case, there has been evidence that an Aided Card was created by defendant Dekoker in response to the December 20, 2008 incident. An Aided Card is a police created document which is typically used when an incident occurs within the City of New York which records a description of the incident and the police response to it. Because the defendants did not produce his document you may infer, but are not required to, that the content of the Aided Card would be inconsistent with the defenses offered by the defendants to the plaintiffs claims in this action.

4

*Id.* The defendants argued that the plaintiff failed to show that the contents of the missing "Aided Card" would support his false arrest claim and that the adverse instruction should have specified the individual officers who had a duty to preserve the "Aided Card" rather than using the word "defendants" generally. *See id.*

Disagreeing with the defendants, the court held that the "[p]laintiff's entire theory of the case and all the testimony marshaled in support of it — which the jury evidently accepted — relied on the premise that the reasons claimed by the officers for brining [the plaintiff] to the hospital were pretextual — that is, that [the plaintiff] did not in fact appear to be suffering from a mental illness." *Id.* at *12. As such, "[t]o the extent the jury found Dekoker lacked credibility, of which sufficient evidence existed, the jury was entitled to consider his dishonesty as 'affirmative evidence' that the Aided Card's content would have been favorable to [the plaintiff]." *Id.* (quotation omitted). Further, the court held that the "jury could also reasonably infer that the information on the Aided Card, which Dekoker filled out closer in time to the underlying incident and before he had an opportunity to confer with his co-defendants, contains a more accurate, unbiased, and substantially different account of why Plaintiff was taken to the hospital — and that this account would have contradicted Dekoker's testimony at trial." *Id.* Next, the court disagreed with the defendants' assertion that the adverse inference instruction was erroneous because it failed to specify the individual officers who had a duty to preserve the "Aided Card," and instead used the word "defendants" generally. *See id.* at *13-*14. The court found that the jury was not required to believe Defendant Dekoker's uncorroborated assertion that he submitted the "Aided Card" as required and, therefore, they could infer that he had a role in failing to preserve it. *See id.* at *14 (citation omitted). "Contrary to the defendants' contention, this would not be a situation where a plaintiff seeks to impute conduct of a governmental department to an individual

5

government official who played no role in creating or maintaining the evidence in question." *Id.* (citing *Grant v. Salius*, No. 09–cv–21 (JBA), 2011 WL 5826041, *2 (D. Conn. Nov. 18, 2011); *Field Day, LLC v. County of Suffolk*, No. 04–cv–2202, 2010 WL 1286622, *13 (E.D.N.Y. Mar. 25, 2010)).

As in *Thomas*, Defendant Reese testified that he completed his report and turned it in to the appropriate person at the jail. The jury could reasonably infer that the information in the report, which Defendant Reese drafted closer in time to the underlying incident and before he had an opportunity to confer with his co-Defendants, contained a more accurate, unbiased, and substantially different account of what transpired — and that this account would have contradicted Defendant Reese's testimony at trial. *See Leon v. IDX Systems Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (holding that "because 'the relevance of . . . [destroyed] documents cannot be clearly ascertained because the documents no longer exist,' a party 'can hardly assert any presumption of irrelevance as to the destroyed documents'" quoting *Alexander v. Nat'l Farmers Org.*, 687 F.2d 1173, 1205 (8th Cir. 1982)).

Moreover, the Court believes that the charge as given, referring to "Defendants" generally, was appropriate in light of the fact that, since Defendants were working in their capacity as employees of the Sheriff's Department, the County is required to indemnify them for any award of compensatory damages assessed. *See Pastorello v. City of New York*, No. 95 Civ. 470, 2003 WL 22118972, *2-*3 (S.D.N.Y. Sept. 11, 2003) (citing *DiSorbo v. Hoy*, 343 F.3d 172, 180-83 (2d Cir. 2003)); *see also* N.Y. Gen. Mun. Law § 50-j.

Considering all of the evidence, the parties submissions, and in light of the threefold purpose a spoliation sanction is meant to serve, the Court holds that Plaintiff is entitled to an

adverse inference charge as to Defendant Reese's March 29, 2006 report.  As such, the Court denies Defendants' motion for reconsideration of the Court's March 6, 2013 Decision and Order.

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion for reconsideration (Dkt. No. 145) is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 30, 2013
Albany, New York

Mae A. D'Agostino
U.S. District Judge